UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET RICHARD,

    Plaintiff,

v.                                          Case No. 19-13415
                                             Honorable Victoria A. Roberts

UNUM LIFE INSURANCE
COMPANY OF AMERICA and
CONFORM GISSING
INTERNATIONAL, LLC

    Defendant.
_____/

**<u>ORDER GRANTING (1) DEFENDANT'S MOTION FOR JUDGMENT
BASED UPON THE ADMINISTRATIVE RECORD [ECF No. 21]
and GRANTING (2) DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
RESPONSE BRIEF (ECF No. 22) and BRIEF IN SUPPORT [ECF No. 24]</u>**

**I.    INTRODUCTION**

This matter is before the Court on UNUM Life Insurance Company of America's ("UNUM's") motion for judgment based upon the administrative record [ECF No. 21] and UNUM's motion to strike [ECF No. 24].

UNUM issued a group life insurance policy (the "Plan") for the benefit of Conform Gissing International, Inc. ("CGI") employees. UNUM acted as the claims administrator. It adjudicated claims on the Plan. CGI acted as the plan administrator. It administered enrollment of the Plan. The Plan provided a maximum potential benefit of $700,000, including a $500,000 basic benefit

1

and up to $200,000 additional benefits. The Plan required that employees submit Evidence of Insurability ("EOI") for consideration of benefits over $500,000. Additional benefits over $500,000 required UNUM's approval. For purposes of the Plan, UNUM defined EOI as "a statement of your own or your dependent's medical history which UNUM will use to determine if you or your dependent is approved for coverage."

Margaret Richard's ("Mrs. Richard's") husband, Christopher J. Richard ("Mr. Richard"), was an executive employee of CGI from January 2014 until his death in June 2018. Mr. Richard executed a group insurance election form in 2014. The first page of the election form advised Mr. Richard that EOI "will be required if: You have elected coverage over the guaranteed issue of the lesser of 3 x Annual Earnings of $500,000 (Base and Additional Combined[.]" It is undisputed Mr. Richard never submitted EOI.

Mrs. Richard is the beneficiary of Mr. Richard's life insurance benefits under the Plan. Following Mr. Richard's death, UNUM paid only $500,000 in benefits. It denied Mrs. Richard the additional $200,000, relying on Mr. Richard's failure to submit the EOI. UNUM conducted additional review of Mr. Richard's records and determined even if he submitted EOI, based on his medical history of heart conditions, UNUM would have denied his request for additional coverage.

Mrs. Richard filed an appeal claiming she was entitled to the additional $200,000 benefit because Mr. Richard paid premiums for the supplement. UNUM said it was unaware of premiums paid by Mr. Richard because CGI submitted bulk premium payments and it was impossible to know how much Mr. Richard paid. UNUM agreed Mrs. Richard was entitled to a partial refund and instructed CGI to make the appropriate adjustment but upheld the appeal.

Mrs. Richard filed her amended complaint against UNUM and CGI, asserting claims for:

- Count I – Life Insurance Benefits Under 29 U.S.C. § 1132(a)(1)(B) (UNUM);

- Count II – Violations of Fiduciary Duties by Claims Administrator Under 29 U.S.C § 1132(a)(3) (UNUM); and

- Count III – Violations of Fiduciary Duties by Plan Administrator Under 29 U.S.C. § 1132(a)(3) (CGI).

Mrs. Richard voluntarily withdrew Count II. UNUM now moves for judgment based upon the administrative record on Count I (Life Insurance Benefits Under 29 U.S.C. § 1132(a)(1)(B)).

The Court grants UNUM's Motion for Judgment based upon the administrative record and grants UNUM's Motion to Strike Plaintiff's Response Brief.

## II. STANDARD OF REVIEW

Beneficiaries may recover "benefits due to [them] under the terms of [the ERISA] plan" under 29 U.S.C. § 1132(a)(1)(B). Claims for the denial of ERISA benefits are resolved using motions for judgment on the administrative record. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The Court conducts its review "based solely upon the administrative record," and evidence outside the administrative record is considered "only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* ERISA claims must be decided on the basis of the plan's terms, nothing more. *Adams v. Anheuser-Busch Companies, Inc.*, 758 F.3d 742, 746-47 (6th Cir. 2014).

## III. ANALYSIS

### A. Motion for Judgment Based Upon the Administrative Record

The question is whether the Plan required EOI before providing the additional $200,000 over the $500,000 basic benefit. The group election form

4

Mr. Richard executed and the Plan both unambiguously required EOI for benefits over $500,000.

Mr. Richard failed to provide EOI, a clear obligation imposed on him in order to receive additional benefits. Since this document is missing from the administrative record and the Court must decide this ERISA claim based on that record, *Wilkins*, 150 F.3d at 619, Mrs. Richard's claim for the additional $200,000 in benefits under 29 U.S.C. § 1132(a)(1)(B) fails.

The Court **GRANTS** UNUM'S motion for judgment.

### B. Motion to Strike Plaintiff's Response

The Court's scheduling order required Mrs. Richard and UNUM to file cross-motions for judgment on the administrative record. [ECF No. 19]. Instead of filing a cross-motion, Mrs. Richard filed a response to UNUM's motion for judgment on the administrative record four days after the cross-motion deadline.

In her response, Mrs. Richard raised a new argument—the Plan's incontestability provision. She says that based on the language of the Plan, UNUM is prohibited from asserting flaws in the application for benefits or EOI process more than two years after the application is made. The Incontestability provision states it will only use statements made in a signed

5

application or an EOI form as a basis for a reduction or denial of benefits within the first two years coverage is in force, except in the case of fraud.

As a result of Mrs. Richard's failure to file a cross-motion, late response, and assertion of a new argument in her response, UNUM filed a motion to strike her response in opposition to UNUM's motion for judgment based upon the administrative record.

A scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). The Court issued a scheduling order requiring cross briefs by May 28, 2020.

Even if the response had been timely, it raises a new argument that is not part of the administrative record and the Court cannot consider it because UNUM does not have a chance to respond. "It is well-established that a party cannot raise new issues in a reply brief; [she] can only respond to arguments raised for the first time in opposition." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001).

## IV. CONCLUSION

The Court **GRANTS** UNUM's motion to strike and **GRANTS** UNUM's motion for judgment based upon the administrative record. The Court dismisses UNUM.

**IT IS SO ORDERED.**

<u>S/ Victoria A. Roberts</u>  
Victoria A. Roberts  
United States District Judge

Date: December 4, 2020